**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JEFFREY BRISEBOIS and AMANDA BRISEBOIS,**

        **Plaintiffs,**

**v.**　　　　　　　　　　　　　　　　　　　　**Case No:   6:16-cv-1589-Orl-31GJK**

**UNITED STATES OF AMERICA and BRYAN E. TURNER,**

        **Defendants.**

## ORDER

This matter is before the Court on the Motion to Dismiss Amanda Brisebois's Claim (Doc. 9) and the Motion to Dismiss Claims Against Bryan Turner (Doc. 10), both filed by the United States; and the Memorandum of Law in Response (Doc. 12) to the United States' Motion to Dismiss Claims Against Bryan Turner. The Plaintiffs did not respond to the United States' first motion.

**I.**　　**Background**

According to the Complaint (Doc. 1), which for the purposes of this Order is taken as true, Jeffery Brisebois was struck by a United States Postal Service ("USPS") vehicle driven by Bryan Turner, a USPS employee acting within the scope of his employment, on October 28, 2013, in Volusia County, Florida. (Doc. 1 ¶ 7). Mr. Brisebois suffered various injuries as a result of the collision. On February 20, 2015, Mr. Brisebois filed an administrative claim with the USPS seeking recovery for the injuries he suffered. On August 6, 2015, the USPS denied liability for Mr. Brisebois's injuries and denied his claim. On December 15, 2015, Mr. Brisebois submitted his claim for reconsideration, but on July 27, 2016, the USPS affirmed its previous denial.

On September 12, 2016, Mr. Brisebois and his wife, Amanda Brisebois, filed the current action against both the United States of America and Bryan Turner seeking recovery under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b)(1) (the "FTCA")—Mr. Brisebois seeking damages related to his injuries and Mrs. Brisebois seeking damages for loss of consortium.

The United States has filed two separate Motions to Dismiss for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). In the first (Doc. 9), it argues that Mrs. Brisebois's claims should be dismissed because she never filed an administrative claim with the USPS as required by the FTCA. In the second (Doc. 10), it argues that, as a federal employee, Mr. Turner is not a proper defendant under the FTCA. The Court will address the motion related to Mr. Turner first. (Doc. 10).

**II.    Legal Standard**

Jurisdictional motions to dismiss under Federal Rule of Civil Procedure 12(b)(1) come in two forms. First, there are "facial attacks," which "require the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction." *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (quoting *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)). A court assessing a "facial attack" on jurisdiction is to assume the allegations in the complaint are true and not to look outside the pleadings and attached exhibits. *See id.* Second, there are factual attacks, which challenge the factual basis asserted for jurisdiction. *Id.* If a factual attack on jurisdiction regards an issue reasonably distinct from the merits, the court may weigh conflicting written and oral evidence and decide for itself whether jurisdiction exists. *See, e.g. Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 512–13 (5th Cir.1980).

### III. Mr. Turner and the FTCA

"The United States is the only proper defendant in an FTCA action." *Simpson v. Holder*, 184 Fed. App'x 904, 908 (11th Cir. 2006) (citing *Kennedy v. U.S. Postal Serv.*, 145 F.3d 1077 (9th Cir. 1998)); *see Trupei v. United States*, 304 Fed. App'x 776, 782 (11th Cir. 2008) ("the FTCA authorizes claims only against the United States"); *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988) ("It is beyond dispute that the United States, and not the responsible agency or employee, is the proper party defendant in a Federal Tort Claims Act suit."). The only claim brought against Mr. Turner is a claim under the FTCA. And, because Mr. Turner is not a proper defendant in an FTCA case, the claim will be dismissed.

### IV. Mrs. Brisebois's Claim

"'The FTCA is a specific, congressional exception' to the United States' sovereign immunity for tort claims, under which the government may 'be sued by certain parties under certain circumstances for particular tortious acts committed by employees of the government.'" *Turner ex rel. Turner v. United States*, 514 F.3d 1194, 1200 (11th Cir. 2008) (quoting *Suarez v. United States*, 22 F.3d 1064, 1065 (11th Cir. 1994)). Courts must scrupulously observe this waiver and a federal court does not have "jurisdiction over a suit under the FTCA unless the claimant first files an administrative claim with the appropriate agency . . . within two years from the time the claim accrues . . . accompanied by a claim for money damages in sum certain." *Dalrymple v. United States*, 460 F.3d 1318, 1324 (11th Cir. 2006) (citing 28 U.S.C. §§ 2675, 2401(b); 28 C.F.R. § 14.2(a)). "The FTCA requires that each claim and each claimant meet the prerequisites for maintaining a suit against the government." Therefore, "in multiple claimant actions under the FTCA, each claimant must individually satisfy the jurisdictional prerequisite of filing a proper claim." *Id.* at 1325.

In their complaint, Plaintiffs allege that their claims were initially presented to the USPS through the required administrative claim form attached to the complaint, and were subsequently denied. (Doc. 1 ¶ 2). But the only claimant listed on the administrative claim form (Doc. 1-1) is Mr. Brisebois—there is no mention of Mrs. Brisebois or her claim. Thus, it appears that Mrs. Brisebois failed to file an administrative claim as required by the FTCA. Therefore, the Court does not have jurisdiction over her claim and it will be dismissed.

It is, therefore, **ORDERED** that both of Defendant's Motions to Dismiss (Docs. 9, 10) are **GRANTED**. The claim against Bryan Turner and the claim brought by Amanda Brisebois are hereby **DISMISSED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on January 3, 2017.

							_____
							GREGORY A. PRESNELL
							UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party